UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY EDUARDO BASTIDAS MENDOZA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SERGIO ALBARRAN, et al., <br><br> Defendants. | Case No. 25-cv-08205-VC <br><br> **ORDER GRANTING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER** <br><br> Re: Dkt. No. 2 |

The motion for an emergency TRO is GRANTED. Because the issues presented by the motion are time sensitive, this order assumes that the reader is familiar with the facts, the applicable laws, regulations, and legal standards, and the arguments made by the parties.

The petitioners have shown a strong likelihood that they are entitled to a pre-deprivation hearing before an immigration judge. First, each of the petitioners has a strong liberty interest in remaining free from detention. When the petitioners were apprehended at the border after entering the country, the government placed the petitioners in full removal proceedings under 8 U.S.C. § 1229a and released them from custody on their own recognizance. The petitioners have since developed a strong liberty interest in remaining free. *See Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2419263, at *6 (N.D. Cal. Aug. 21, 2025). Nor does the government contest the petitioners' assertions that they have complied with all their ICE-related obligations, have dutifully appeared at all immigration court hearings, and have committed no crimes since being released. The burden to the government of holding a bond hearing would be minimal, and the risk of erroneous deprivation is significant. The government's decision to release each of the petitioners on their own recognizance reflects a determination that they did

not pose a flight risk or danger to the community. Due process requires a showing of a change in those circumstances before a noncitizen can be re-detained. *See Pinchi v. Noem*, --- F. Supp. 3d -----, No. 25-cv-05632-PCP, 2025 WL 2084921, at *2-6 (N.D. Cal. July 24, 2025) (applying the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976) to similar circumstances).

The petitioners have also made a sufficient showing as to the other factors that the Court must consider before granting a TRO. Unconstitutional deprivation of physical liberty constitutes irreparable harm. *See Hernandez v. Sessions*, 872 F.3d 976, 994-95 (9th Cir. 2017). As for the balance of equities and the public interest factors of the TRO inquiry, these factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). This inquiry favors the petitioners because the potential harm to the petitioners from detention is significant, and the government at most faces a short delay in detaining each petitioner if it ultimately demonstrates that detention of each is necessary to prevent flight or danger to the community. *See Bautista Pico v. Albarran*, No. 4:25-cv-08002-JST, Dkt. No. 5 at *6 (Sept. 19, 2025).

Accordingly, the government is ordered to release the petitioners from custody no later than 6 p.m. PT today, September 26. The government is also ordered to show cause why a preliminary injunction should not issue. A hearing on the order to show cause will be held on Thursday, October 9, at 1:00 p.m. The government's response to the order to show cause is due Thursday, October 2, and the petitioners' reply is due Monday, October 6.

The government is enjoined and restrained from re-detaining each petitioner until the earlier of the day after the preliminary injunction hearing or the time that they give each petitioner a pre-deprivation hearing before a neutral decisionmaker. The government is also enjoined and restrained from removing each petitioner from the United States.

**IT IS SO ORDERED.**

Dated: September 26, 2025

_____
VINCE CHHABRIA
United States District Judge