UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY EDUARDO BASTIDAS MENDOZA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SERGIO ALBARRAN, et al., <br><br> Defendants. | Case No. 25-cv-08205-VC <br><br> **ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION** <br><br> Re: Dkt. No. 2 |

  The motion for a preliminary injunction is GRANTED. This order assumes that the reader is familiar with the facts, the applicable laws, regulations, and legal standards, and the arguments made by the parties.

  Because no circumstances have changed since the Court granted the motion for an emergency TRO, Dkt. No. 9, the Court's analysis remains the same. The petitioners have shown a strong likelihood that they are entitled to a pre-deprivation hearing before an immigration judge, and they have made a sufficient showing as to the other factors that the Court must consider before granting a preliminary injunction.

  The TRO order did not discuss the government's argument that the petitioners are subject to mandatory detention under 8 U.S.C. § 1225(b)(2), so that issue is addressed here. Regardless of which immigration statute applies to the petitioners, the petitioners have a liberty interest in remaining free from detention that has developed as a result of the government releasing the petitioners from detention on their own recognizance. The Court therefore does not need to

decide whether 8 U.S.C. § 1226(a) or § 1225(b)(2) applies to the petitioners.[1]

The government is therefore enjoined and restrained from re-detaining each petitioner while this litigation is pending, unless the government gives each petitioner a pre-deprivation hearing before a neutral decisionmaker or can demonstrate, in a motion to vacate the preliminary injunction, that the circumstances have changed such that a pre-deprivation hearing is no longer required.

**IT IS SO ORDERED.**

Dated: October 10, 2025

_____
VINCE CHHABRIA
United States District Judge

---

[1] 8 U.S.C. § 1225(b)(1), which governs expedited removal, does not apply because the petitioners' removal proceedings under § 1229a have not been dismissed. To the extent the government argues that § 1225(b)(1) could apply to the petitioners if their removal proceedings were dismissed, the Court questions whether the petitioners qualify as noncitizens who have "not been admitted *or paroled* into the United States." 8 U.S.C. § 1225(b)(1)(A)(iii)(II) (emphasis added). *See Aviles-Mena v. Kaiser*, No. 25-CV-06783-RFL, 2025 WL 2578215, at *4–5 (N.D. Cal. Sept. 5, 2025).