UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY EDUARDO BASTIDAS MENDOZA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SERGIO ALBARRAN, et al.,<br><br>　　　　Defendants. | Case No.  25-cv-08205-VC<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 1 |

The petition is granted as to all petitioners. This order assumes that the reader is familiar with the facts, the applicable legal standards, and the arguments made by the parties.

1. As to petitioners Bastidas Mendoza and Giraldo Munoz, their re-detention without a pre-deprivation hearing violated due process. The parties have not presented any new evidence or any indication of a change in circumstances since the Court granted the preliminary injunction. After being apprehended at the border and then released from custody on their own recognizance, the petitioners developed a liberty interest in remaining free from detention. The government does not contest that they have complied with all their ICE-related obligations, dutifully appeared at all immigration court hearings, and have committed no crimes since being released.

The *Mathews v. Eldridge* balancing factors support the petitioners' right to a pre-deprivation hearing. As explained above, the petitioners have gained a substantial private interest in remaining out of custody since their release. The risk of erroneous deprivation of liberty is significant because the government's decision to release the petitioners from custody on their own recognizance constituted a determination that they did not pose a flight risk or a danger to

the community, and the government generally may not re-arrest a previously released noncitizen absent a change in circumstances. *See Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *1 (N.D. Cal. Sept. 12, 2025). Finally, the government's interest in detaining the petitioners without a hearing is low. *See Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019).

The petition is therefore granted as to Bastidas Mendoza and Giraldo Munoz. If the government seeks to re-detain either petitioner, it must provide a pre-deprivation hearing before a neutral decisionmaker at which the government will bear the burden of demonstrating by clear and convincing evidence that the petitioner poses a flight risk or a danger to the community if not detained.

2. As to petitioner Wagane, the government argues that his petition is moot because the IJ granted the government's motion to dismiss his removal proceedings and he did not appeal that dismissal. The petition is not moot. Although Wagane is not currently in removal proceedings, the government explained that it terminated his Section 1229a proceedings for the purpose of arresting him under the expedited removal statute. The government contends that if it detains Wagane under Section 1225(b)(1), it is not required to give him a pre-deprivation hearing. Wagane contends that he is not eligible for removal under either Section 1225(b)(1) or (b)(2), and because he is not eligible for either, the government must give him a pre-deprivation hearing. Wagane's petition is therefore not moot because the Court can still grant relief by requiring the government to give him a pre-deprivation hearing.

Wagane's petition is granted. Wagane is not eligible for expedited removal under Section 1225(b)(1) because he has been paroled into the country. *Valencia Zapata v. Kaiser*, 801 F.Supp.3d 919, 935 n.4 (N.D. Cal. 2025); *N.A. v. Larose*, 2025 WL 2841989, at *5-6 (S.D. Cal. Oct. 7, 2025). He is also not subject to mandatory detention under Section 1225(b)(2). *See, e.g.*, *Ojeda v. Warden, California City*, 2026 WL 1475816, at *2 (E.D. Cal. May 26, 2026) (collecting cases); *Salcedo Aceros*, 2025 WL 2637503, at *8-12; *Oliveros v. Kaiser*, 2025 WL 2677125, at *4 (N.D. Cal. Sept. 18, 2025). And, for the reasons explained for the other petitioners above, Wagane has a due process right to a pre-deprivation hearing. Accordingly, if

the government wishes to place him back in Section 1229a removal proceedings or detain him for any other reason, it must give him a pre-deprivation hearing before a neutral decisionmaker at which the government will bear the burden of demonstrating by clear and convincing evidence that he poses a flight risk or a danger to the community if not detained.

**IT IS SO ORDERED.**

Dated: June 26, 2026

_____
VINCE CHHABRIA
United States District Judge